IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| John J. Gill | ) | Case No. __1:03CV2326__ |
| | ) | |
| | ) | Judge: __2003 NOV 14__ |
| Plaintiff(s), | ) | |
| vs. | ) | |
| University Hospitals Health Systems | ) | COMPLAINT |
| | ) | JUDGE WELLS |
| | ) | |
| Defendant(s). | ) | MAG. JUDGE STREEPY |

1. The Plaintiff John J. Gill resides at 20400 Lindbergh Avenue in Euclid, OH 44119. The Defendant University Hospitals Health Systems is located at its principal address on the campus of University Hospitals of Cleveland. This location street address is 11100 Euclid Avenue in the city of Cleveland, OH 44106. Telephone numbers for each party is as follows, John J. Gill, Plaintiff 216-531-8012 and University Hospitals Health Systems 216-844-1000.

2. Jurisdiction for the court is based on the Civil Rights rule 42 U.S.C. 2000e Title VII -- Discrimination. The basic issue under this Civil Rights rule is employment disability discrimination. A Dismissal and Notice of Rights dated August 12, 2003 was received from the Equal Opportunity Commission on August 16, 2003. The EEOC determination under Title VII, the Americans with Disabilities Act, states that the EEOC is unable to conclude that the information obtained establishes violation of the statutes. Additional evidence and testimony will substantiate the charges of not making a reasonable accommodation, disparate treatment, and stereotyping. Each of these charges are to be considered as separate charges so that if one is dismissed then the parties can proceed with the other remaining charges.

3. John J. Gill, Plaintiff is a qualified individual with substantial disabilities. My primary diagnosis is Polycystic Kidney and Liver Disease. This disability causes chronic and acute cardiovascular changes that has be controlled with three daily blood pressure medications. I have a secondary diagnosis of Hyperthyroidism that causes chronic and acute increases of my heart rate. One of the blood pressure medications is for the treatment to keep my heart rate from racing. A heart rate over 100bpm occurred on the evening that I was immediately discharged from on the division Lerner Tower 9. Kathleen Vidal, HN on Lerner Tower 9 gave me a directive on the telephone to float to Lerner Tower 8 if there was an admission to that division. I asked for an accommodation not to float to Tower 8 that was denied. I was feeling sick when I told her that I should go to the Emergency Room. I was told to clock out at 1610. I was admitted to the Emergency Room at approximately 1620 for the next 8 hours.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| John J. Gill | ) Case No. _____ |
| _____ | ) |
| _____ | ) Judge: _____ |
| | ) |
|       Plaintiff(s), | ) |
| vs. | ) |
| University Hospitals Health Systems | ) **COMPLAINT** |
| _____ | ) |
| _____ | ) |
|       Defendant(s). | ) |

4. A directive has two basic requirements to be a true directive. First, the directive has to come from a supervisor. Secondly, the work has to be available to perform at the time the directive is given. The first part of the directive was satisfied because the directive came from a supervisor. The second part of the directive was not satisfied because the work did not materialize on Lerner Tower 8. Therefore, the directive as a nondiscriminatory reason for my termination was without merit and not credible. Without a nondiscriminatory reason for my immediate termination, University Hospitals Health Systems terminated me because my disabilities impeded my work performance on January 19, 2003.

5. Attached is a Motion to Reconsider the charges of not making a reasonable accommodation to return to work after a Fitness for Duty Examination in the Emergency Room. A comparative on Lerner Tower 9 was allowed to return to work after she went to the Emergency Room from a shift in January 2002. The EEOC determination states that there was no discrimination because I was issued past FMLA leaves as did my comparative. However, I was not issued an FMLA for January 19, 2003. FMLA is not considered as a permanent part of an employees personnel file. FMLA is issued through the Employee Health Clinic as a confidential leave. Discovery is needed to substantiate disparate treatment. The stereotyping occurred on January 21, 2003 when I was in Kathleen's office. She stated that I was not the one that she wanted there bcause she needed someone who could be there to work. This statement classifies me into a disabled stereotype role that implies the inability to work when I am able to work. Please refer to the Motion to Reconsider for details. I did apply for the Complaint Resolution procedure at UHHS. The Step Two hearing occurred with Jan Koch, RN, Director Med/Surg Nursing on February 11, 2003. I was represented by Annetta Provens, Employee Advisor. I was denied reinstatement. The Peer Review Committee hearing in the Human Resources Department at UHC was on February 25, 2003. The committee has three members. This hearing was conducted and recorded by a mediator. I was denied reinstatement for the second time. Subsequently, I filed charges with the EEOC on June 16, 2003.

6. The damages are for monetary relief in the amount of $39,500. Additionally, any penalties by law are requested to be issued by the court if applicable. The Plaintiff requests a trial by jury if a judicial settlement is rejected.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| John J. Gill | Case No. _____ |
| | Judge: _____ |
| Plaintiff(s), | |
| vs. | |
| University Hospitals Health Systems | **COMPLAINT** |
| | |
| Defendant(s). | |

7. This complaint is within the 90 day period from the receipt date of August 16, 2003. of the EEOC Notice of Suit Rights. Three Federal holidays occurred during this time period. Federal offices are closed on theses holidays extending the time period from November 13, 2003 to November 16, 2003.

*John J. Gill* (signature)

John J. Gill
20400 Lindbergh Avenue
Euclid, OH 44119

November 13, 2003.


8. The Plaintiff is requesting attorney representation by the District Court from either the EEOC or a District Court staff attorney.