IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN GILL | ) | CASE NO. 1:03 CV 2326 |
| | ) | |
| Plaintiff, | ) | JUDGE LESLEY WELLS |
| | ) | |
| v. | ) | MAGISTRATE JUDGE McHARGH |
| | ) | |
| UNIVERSITY HOSPITALS | ) | **REPORT AND RECOMMENDATION** |
| OF CLEVELAND, | ) | |
| | ) | |
| Defendant. | ) | |

On May 5, 2005 *pro se* Plaintiff John Gill filed a *Dispositive Motion to Dispose of Defenses and Prejudicial Evidence Presented by the Defendant's Counsel* pursuant to Local Rule 7.2 and Fed. R. Civ. P. 41. Initially, the Court notes Plaintiff's reliance on the above rules is misplaced as they are completely irrelevant to the requested actions he seeks from the Court. Plaintiff's motion seeks the disposal of "Defendant's Defenses" and certain evidence regarding his work history because they contain misquotes and negative information that would damage his reputation. Local Rule 7.2, however, concerns the procedural aspects of filing a motion in the Northern District of Ohio and Fed. R. Civ. P. 41 involves dismissal of actions, which is exactly the opposite of what Plaintiff seeks.

The appropriate rule for consideration of, at least a portion of, what Plaintiff seeks is Fed. R. Civ. P. 56(c). However, his "dispositive motion" contains no allegations as to his entitlement to judgment as a matter of law, nor any allegations as to the absence of a genuine issue of material fact, as is required under Fed. R. Civ. P. 56(c) to prevail at this stage of the litigation. Indeed, Plaintiff has offered no facts or evidence in support of his request for the disposal of Defendant's defenses other than his self-serving, unsupported conclusion that there is not enough evidence to support said defenses and, consequently, they

should be stricken. This failure warrants the denial of Plaintiff's motion.

As to his request to dispose of documents regarding his negative work history, the Court has already informed Plaintiff that should he "choose to renew his objection regarding these documents, he may do so in the form of a *Motion in Limine* at the appropriate time set forth in Judge Wells' Civil Trial Order." (ECF # 61, p. 3). This is not the appropriate time in the litigation to seek the "disposal" of evidence. Although it is fully within his purview to explain to the Court why those documents should not be considered when measuring the merits of Defendant's *Motion for Summary Judgment*, it is not the Court's job, at this point in the litigation, to make credibility determinations.

Moreover, the Court has already concluded, without any consideration of the documents at issue, Defendant is entitled to summary judgment and all Plaintiff's claims should be dismissed. Thus, Plaintiff's *Dispositive Motion to Dispose of Defenses and Prejudicial Evidence Presented by the Defendant's Counsel* is rendered moot and should, therefore, be DENIED.

s/ Kenneth S. McHargh  
Kenneth S. McHargh  
United States Magistrate Judge

Date:  August 18, 2005

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of mailing of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).