IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JOHN J. GILL, | CASE NO. 1:03 CV 2326 |
| Plaintiff, | |
| -vs- | <u>MEMORANDUM OF OPINION AND</u> <u>ORDER ADOPTING AND ACCEPTING</u> <u>THE TWO REPORT AND</u> <u>RECOMMENDATIONS OF THE</u> |
| UNIVERSITY HOSPITALS OF CLEVELAND, | <u>MAGISTRATE JUDGE DENYING THE</u> <u>PLAINTIFF'S DISPOSITIVE MOTION</u> <u>TO DISPOSE OF DEFENSES AND</u> |
| Defendant. | <u>GRANTING DEFENDANT'S MOTION</u> <u>FOR SUMMARY JUDGMENT</u> |

UNITED STATES DISTRICT JUDGE LESLEY WELLS

The Court has before it two Report and Recommendations (R&R) from Magistrate Judge Kenneth S. McHargh. The first, denying plaintiff John Gill's Dispositive Motion to Dispose of Defenses and Prejudicial Evidence Presented by the Defendant's Counsel appears before the Court without objection from either party. The second, granting defendant University Hospitals' Motion for Summary Judgment arrives before the Court accompanied by Mr. Gill's objections and a reply brief from University Hospitals. For the reasons which follow, the Court adopts and accepts the Magistrate Judge's two R&Rs.

**I.   Brief Background**

Proceeding *pro se*, plaintiff John Gill ("Gill") commenced this suit on 14 November 2003 against defendant University Hospitals of Cleveland ("University Hospitals),[1] alleging wrongful termination in violation of the Americans with Disabilities Act ("ADA").  Mr. Gill also averred that University Hospitals denied accommodation for his disability in violation of the ADA.  (Docket No. 1).  On 5 May 2005, University Hospitals submitted a Motion for Summary Judgment to which Mr. Gill did not respond.  (Docket No. 58).  Also on 5 May 2005, Mr. Gill filed a Dispositive Motion to Dispose of Defenses and Prejudicial Evidence Presented by the Defendant's Counsel, in opposition to which University Hospitals filed a reply.  (Docket No. 60, 68).  The matter was referred to Magistrate Judge Kenneth S. McHargh for a Report and Recommendation ("R&R") on the two dispositive motions, pursuant to 28 U.S.C. 636(b)(1)(B).  (Docket No. 69).  In two separate R&Rs, filed on 18 August 2005, Magistrate Judge McHargh recommended the Court grant University Hospitals' motion for summary judgment, and deny Mr. Gill's Dispositive Motion to Dispose of Defenses and Prejudicial Evidence Presented by the Defendant's Counsel.  (Docket No. 70, 71).

Mr. Gill alleges several impairments.  According to his Complaint, the plaintiff suffers from polycystic kidney and liver disease, sinus tachycardia, and hyperthyroidism.  (Complaint at ¶¶3, 4).  The plaintiff maintains these ailments created an abnormally fast heart rate coupled with high blood pressure, which together precipitated his refusal to

---

[1] The suit initially included the University Hospital Health Systems as a co-defendant.  That party was removed by Court Order on 20 August 2004, granting Mr. Gill's unopposed motion to modify the defendant's company name.  (Docket No. 23, 24).

2

"float" – to temporarily fill a vacant desk position in a division of the Hospital – to Lerner Tower 8 from his regularly assigned position on Lerner Tower 9.[2]  Mr. Gill testified these impairments resulted in further difficulties for him, including weakness, loss of concentration, hand tremors, and dizziness.  (Gill Depo. Pp. 166, 199).

**II.	Report and Recommendation Denying Mr. Gill's Motion**

Neither party responded to Magistrate Judge McHargh's R&R addressed to Mr. Gill's Dispositive Motion to Dispose of Defenses and Prejudicial Evidence Presented by the Defendant's Counsel.  Magistrate Judge McHargh recommends denying Mr. Gill's motion, construed as a partial request for relief pursuant to Fed. R. Civ. P. 56(c), as entirely devoid of allegations, facts, or evidence in support of the request for the disposal of University Hospitals' defenses.  The Magistrate Judge not only found Mr. Gill's motion inadequate as a matter of law and fact, but also effectively moot in light of the further R&R granting defendant's motion for summary judgment.  (Docket No. 70).

As no party has objected to the Magistrate Judge's R&R denying Mr. Gill's "dispositive motion,"  the Court shall assume the parties are satisfied with its conclusions.  Any further review of the matter by this Court would be a duplicative and inefficient use of the Court's limited resources. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of Health and Human Services, 932 F.2d 505 (6th Cir. 1991);

---

[2]Mr. Gill was, at the time of his termination, a full-time Division Secretary in the Medical/Surgical Nursing Division operating on the ninth floor of Lerner Tower, or Lerner Tower 9.  The plaintiff recounted that his job duties involved handling patient appointments, entering data on patient supplies and transfers into the computer, and organizing patient charts.  (Gill Deposition pp. 63, 65, 69 70).

3

United States v. Walters, 638 F.2d 947 (6th Cir. 1981).  Accordingly, the Court adopts the Magistrate Judge's R&R denying Mr. Gill's "dispositive motion."

### III. Report and Recommendation Granting University Hospitals' Motion for Summary Judgment.

In response to Magistrate Judge McHargh's R&R granting University Hospitals' Motion for Summary Judgment, Mr. Gill filed a brief set of objections to which University Hospitals provided a reply.  (Docket No. 72, 73, 74).  Under Fed. R. Civ. P. 72(b) and 28 U.S.C. § 636(b)(1)(C), this Court reviews *de novo* the portion of the Magistrate Judge's report and recommendation to which specific objection was made.  Upon review, this Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  After a *de novo* review of the record regarding Mr. Gill's specific objections, and for the reasons discussed below, this Court accepts Magistrate Judge McHargh's Report and Recommendation.  Accordingly, the Court will grant defendant's Motion for Summary Judgment.

In addressing Mr. Gill's three-page response, the Court observes the plaintiff generally objects to the R&R by invoking conclusory allegations, such as noting "mistakes were made by the Defendant," and "Wrongful Termination is apparent," and finally, "Defendant also failed to substantiate the Summary Judgment with material fact." (Mr. Gill's Objection pp. 2, 3).  Mr. Gill does not directly address the facts and conclusions laid out in the R&R, but instead, briefly mentions his emergency room visits on 15 November 2002 and 19 January 2003 as "important evidence."  Id. at 2.  Mr. Gill

4

also objects that University Hospitals did not prove the necessity of an assignment to the desk at Lerner Tower 8 on 19 January 2005, the evening he refused to be placed on call for that location in the Hospital.  Id. at 3.  Finally, Mr. Gill notes that he would have "followed the directive [to cover the desk at Lerner Tower 8 if necessary] if he was able;" he insists his refusal to assume that responsibility was not insubordination but merely an expression of his "daily chronic heart and circulatory condition."  Id.

Magistrate Judge McHargh performed an extensive review of the record presented in this matter.  First, the R&R considered, and reasonably rejected, evidence of alleged direct discrimination.  (R&R at 9, 10).  The R&R specifically and properly concluded, pursuant to the standards established in Hedrick v. Western Reserve Care System, 355 F.3d 444, 453 (6th Cir. 2004), that a comment by Mr. Gill's immediate supervisor on the day she terminated him did not constitute direct evidence of discrimination.  (R&R at 9).

Second, the R&R concluded Mr. Gill failed to establish a case of disability discrimination through indirect evidence.  (R&R pp. 10-21).  Predicated on Mr. Gill's own deposition testimony and the absence of any contrary medical evidence, the Magistrate Judge drew the reasonable legal determination that Mr. Gill was not disabled within the meaning of the ADA.  (R&R pp. 10-15; Gill Deposition pp. 167, 168, 214, 317).[3]  In addition, after a review of the evidence,  the R&R concluded, Mr. Gill did not establish University Hospitals regarded him as disabled within the meaning of the ADA, noting the

---

[3]Mr. Gill not only testified that from the date he was diagnosed with Polycystic Liver and Kidney Disease in June 2002 to his termination on 19 January 2003, he was able to work forty hours a week, he also acknowledged that through medication he controls or mitigates any limitations caused by his alleged disabilities.  (Gill Depo. pp. 168, 169, 171, 198, 224).

plaintiff "failed to proffer evidence, or even allege Defendant perceived him as being unable to perform a broad range or class of jobs." (R&R pp. 15-17).

Third, the R&R determined Mr. Gill could not show University Hospitals failed to provide a reasonable accommodation to a qualified employee. By all indications, Mr. Gill's request, that he not "float" to Tower 8, did not impose an undue hardship on University Hospitals' ability to operate its business. (R&R pp. 17-19). Nevertheless, pursuant to Cehrs v. Northeast Ohio Alzheimer's Research Center, 155 F.3d 775, 781 (6th Cir. 1998), the R&R properly concluded Mr. Gill could not establish the necessary causal relationship between the alleged disability and the requested accommodation where he had failed to prove, at the outset, any disability within the meaning of the ADA. (R&R pp. 18, 19).[4]

Finally, despite Mr. Gill's inability to establish a *prima facie* case of discrimination, the R&R, nevertheless, exercised the appropriate burden shifting analysis and properly determined University Hospitals articulated a legitimate, non-discriminatory reason for plaintiff's termination. See Manzer v. Diamond Shamrock Chemicals Co., 29 F.3d 1078, 1081 (6th Cir. 1994). Magistrate Judge McHargh concluded Mr. Gill's unwillingness to

---

[4]The Court underscores Magistrate Judge McHargh's trenchant observation regarding the intended manner of accommodations as a negotiated endeavor between employee and employer, pursuant to 29 C.F.R. § 1630.2(o)(3). After concluding that Mr. Gill failed to show the reasonableness of his accommodation request only because he was not disabled within the meaning of the ADA, the R&R continues:

> Despite its finding the Court notes that when faced with similar facts, an employer committed to meeting its ADA responsibilities might well decide to open a dialogue with the employee requesting the accommodation to obtain further, accurate information regarding his condition so that the employer could craft an appropriate, reasonable accommodation, if necessary. On the record before the Court, it is difficult to identify any meaningful effort by Plaintiff's supervisor to determine the merits of plaintiff's claims, at any point. Nevertheless, for the reasons stated this omission is of no consequence given Plaintiff cannot establish that he was disabled within the meaning fo the ADA.

(R&R pp. 19-20, citations omitted).

comply with his supervisor's request that he "float" to Tower 8 amounted to insubordination pursuant to the Hospitals' policy as articulated in the Corrective Action Policy and Procedures for University Hospitals of Cleveland. (R&R pp. 20-23).

Upon review, Mr. Gill's objections do not alter the Court's determination to accept Magistrate Judge McHargh's R&R. The Court regards as unconvincing Mr. Gill's contention that the Registration Histories from his emergency room visits on 15 November 2002 and 19 January 2003 "outweigh any document produced to this date by the Defendant." (Gill Objection p. 2). As the United States Supreme Court has observed, merely submitting evidence of a medical diagnosis, as Mr. Gill has done in this instance, cannot bear the legal weight necessary to demonstrate a disability. See Toyota Motor Mfg. V. Williams, 534 U.S. 184, 198 (2002) (finding insufficient for proof of a disability the submission, alone, of evidence of a medical diagnosis of an impairment).

Mr. Gill's further objection is unavailing, that University Hospitals failed to produce a document proving that work was necessary on Lerner Tower 8 on 19 January 2003. (Gill Objection p. 3). Mr. Gill bears the burden of proving an alleged disability within the meaning of the ADA, or that University Hospitals regarded him as disabled and failed to accommodate his disability. Whether or not his services were actually required in Lerner Tower 8, the evening of 19 January 2003, touches on the degree of disruption an accommodation to Mr. Gill would have caused to the defendant. The Magistrate Judge thoroughly reviewed the issue of burdensome accommodation, and a review of the record evidence by the Court confirms the conclusion of the R&R, that granting an accommodation to Mr. Gill would not have been overly burdensome. (R&R p. 19). Nevertheless, because Mr. Gill failed to establish a disability within the meaning of the

7

ADA, he cannot establish the necessary causal relationship between a requested accommodation and an alleged disability. Accordingly, Mr. Gill's requested accommodation was not reasonable.

Mr. Gill's final objection, that he did not commit insubordination when he refused to "float" to Lerner Tower 8, has been thoroughly addressed by Magistrate Judge McHargh. Even though Mr. Gill failed to establish a *prima facie* case of discrimination, Magistrate Judge McHargh, nevertheless, considered the substance of University Hospitals' reason for its adverse employment action against Mr. Gill. The R&R found, and the Court confirms, University Hospitals provided a legitimate nondiscriminatory reason for Mr. Gill's termination in pointing to his refusal to comply with the directive of a supervisor in violation of the Hospitals' policies and procedures. (R&R p. 22).

**IV. Conclusion**

For the reasons set forth above, the Court adopts and accepts Magistrate Judge McHargh's two R&Rs, denying Mr. Gill's Dispositive Motion to Dispose of Defenses and Prejudicial Evidence Presented by the Defendant's Counsel, and granting University Hospitals' Motion for Summary Judgment.

IT IS SO ORDERED.

    /s/Lesley Wells
UNITED STATES DISTRICT JUDGE

Dated: 21 December 2005